UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nicole Kenion Commissioner, Atlantic Beach Municipal Election, Patricia Bellamy, Atlantic Beach Concerned Citizens, Tema Hill, President HAABRA, Housing Authority of Atlantic Beach Residents Association, Harriet Cochran President ABLOA, Atlantic Beach Landowners Association, Mayor Retha Pierce, Bobby Suggs, Kantrese Wright, Derrick Stanley,<br><br>       Plaintiffs,<br><br>   v.<br><br>Town of Atlantic Beach, Irene Armstrong, former Mayor of Atlantic Beach, Gary Bell, Chair of the Board of the Housing Authority of Atlantic Beach, Lynda Booker, Municipal Election Commissioner, William Booker, Atlantic Beach Town Manager, Marcia Conner, former Atlantic Beach Town Manager, Elneta Counts, S.C. Rep. Tracy Edge, S.C. Senator Dick Elliott, Councilman Jake Evans, Jacqueline Gore, Clerk, Alice Graham, Municipal Election Commission Chair, Councilwoman Josephine Isom, David Meachem of the Statesville Housing Authority, Cheryl Pereira, Town Clerk and Clerk to Atlantic Beach Municipal Election Commission, Pretend Mayor Charlene Taylor,<br><br>       Defendants. | C.A. No. 4:10-CV-01745-JMC<br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

  Currently before the court are Defendants Town of Atlantic Beach, Irene Armstrong, Gary Bell, Lynda Booker, William Booker, Marcia Conner, Elneta Counts, Tracy Edge, Dick Elliott, Jake Evans, Jacqueline Gore, Alice Graham, Josephine Isom, David Meachem, Cheryl Pereira, and Charlene Taylor's ("Defendants") Motions to Dismiss [Docs. 43 and 44] Plaintiffs Nicole Kenion,

1

Patricia Bellamy, Tema Hill, Harriet Cochran, Retha Pierce, Bobby Suggs, Kantrese Wright, and Derrick Stanley's ("Plaintiffs") claims. For the reasons stated herein, the court grants the motions.

Plaintiffs filed this action on June 2, 2010, against Defendants asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986 and claims under South Carolina law arising from disputes concerning the management of the Town of Atlantic Beach. On August 19, 2010, Defendants filed a Motion to Dismiss, or in the alternative, a Motion for More Definite Statement. After seeking four extensions of time to respond to the motion, Plaintiffs filed memoranda opposing Defendants' motion on November 1 and November 3, 2010. On August 16, 2011, the court entered an Order granting in part, and denying in part, Defendants' motion. Specifically, the court denied Defendants' Motion to Dismiss, but granted the Motion for More Definite Statement. *See* [Doc. 38]. The court ordered Plaintiffs to amend their Complaint within thirty (30) days to more particularly state the factual basis for their standing to bring the case and their causes of action.[1] The court further admonished the parties to adhere to the deadlines established by the court. *Id*. Plaintiffs failed to file any amended pleading and, on December 20, 2011, Defendants again filed Motions to Dismiss [Docs. 43 and 44] pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiffs' failure to prosecute this case. Plaintiffs sought an extension of time to respond to the motion. The court granted the extension allowing Plaintiffs to file a response on or before January 23, 2012. As of today's date, Plaintiffs have neither filed an amended complaint nor responded to Defendants' Motions to Dismiss.

---

[1] The court stayed the case during a period of time during which Plaintiffs' counsel was temporarily suspended from the practice of law.

Rule 41(b) provides that a claim may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court" and that such a dismissal "operates as an adjudication upon the merits." *See* Fed. R. Civ. P. 41(b). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and, (4) the effectiveness of sanctions less drastic than dismissal. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978). However, the court need not rigidly apply the factors. Rather, the propriety of an involuntary dismissal depends on the particular circumstances of the case. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

The present case has been pending before the court for approximately two years with little or no progress. No memoranda in opposition to these motions have been filed on behalf of Plaintiffs, and the court has little information from which it can determine the level of responsibility which is attributable to Plaintiffs personally. However, it is difficult for the court to understand how Plaintiffs would not be aware of the prolonged inaction in this case. Nonetheless, because the court does not have sufficient information from which it can conclusively determine that Plaintiffs are personally responsible for the failure of progress in this case, the court finds that the first factor weighs slightly against dismissal.

The remaining factors weigh in favor of dismissal. During the pendency of this matter, Defendants have retained counsel and expended valuable resources in an effort to respond to Plaintiffs' undefined claims. Because Plaintiff has not even filed a sufficient complaint, Defendants have been prevented from moving forward on discovery or any other efforts to resolve the disputes between the parties. The burden of such costs and unwarranted delay is certainly prejudicial to

Defendants. Furthermore, Plaintiffs' failure to respond to the instant motions is only the most recent infraction in a long history of dilatory conduct in this case. Most significantly, even after the court noted the importance of meeting the deadlines established by the court, Plaintiffs failed to file an amended complaint as ordered by the court more than eight months ago. Additionally, the court finds that there are no other sanctions available to the court which would prompt Plaintiffs to proceed with this case in a timely and diligent manner. The court cannot indefinitely stall the progress of this case to the prejudice of Defendants.

Accordingly, the court **GRANTS** Defendants' Motions to Dismiss [Docs. 43 and 44]. This case is dismissed with prejudice.

**IT IS SO ORDERED**.

United States District Judge

May 15, 2012
Greenville, South Carolina

4